UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | | |
|---|---|---|---|
| **JOSEPH THACKER,** | ) | | |
| | ) | | |
|     **Plaintiff,** | ) | | |
| | ) | | |
| **v.** | ) | No. | **1:19-CV-86-PLR-SKL** |
| | ) | | |
| **ROBBIE GOINS, STONY LOVE, and** | ) | | |
| **CAMPBELL COUNTY,** | ) | | |
| | ) | | |
|     **Defendants.** | ) | | |

## MEMORANDUM OPINION

This is a pro se prisoner's complaint for violation of 42 U.S.C. § 1983. Defendants have filed a motion for summary judgment, as well as a statement of undisputed facts and a memorandum of law in support thereof, in which they assert that they are entitled to judgment as a matter of law because, among other things, Plaintiff has no proof and/or does not adequately allege that any Defendant violated his constitutional rights [Docs. 18, 19, and 20]. Plaintiff has not filed a response to this motion, and his time for doing so has passed. *See* E.D. Tenn. L.R. 7.1. Upon consideration of the pleadings, the competent evidence, and the applicable law, the Court finds that this motion [Doc. 18] should be **GRANTED**. Accordingly, this action will be **DISMISSED**.

    **I.    STANDARD**

Rule 56(a) of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of the nonmoving party. *McLean v. 988011 Ontario Ltd*, 224 F.3d 797, 800 (6th Cir. 2000). As such, the moving party has the

burden of conclusively showing the lack of any genuine issue of material fact. *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir. 1979).

To successfully oppose a motion for summary judgment, "the non-moving party . . . must present sufficient evidence from which a jury could reasonably find for him." *Jones v. Muskegon Cnty.*, 625 F.3d 935, 940 (6th Cir. 2010). However, a district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded. *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir. 1998). Rather, the court is required to, at a minimum, examine the motion to ensure that the movant has met its initial burden. *Id*. In doing so, the court "must not overlook the possibility of evidentiary misstatements presented by the moving party." *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 407 (6th Cir. 1992). The court must "intelligently and carefully review the legitimacy of [] an unresponded-to motion, even as it refrains from actively pursuing advocacy or inventing the *riposte* for a silent party." *Id.*

## II.     COMPLAINT ALLEGATIONS[1]

Plaintiff first generally states that his complaint arises out of the conditions of his confinement in the Campbell County Jail, then specifically states that he is an inmate of the Tennessee Department of Correction, that the Campbell County Jail does not have enough jobs, that jail officials choose which inmates get to have the available jobs in a manner that amounts to discrimination, and that he is entitled to work, education, program credits, and program money [Doc. 1 p. 4]. Plaintiff then claims that the jail's policies and customs have violated his rights and caused him mental and physical suffering, including specifically infection scars that he alleges

---

[1] Plaintiff's complaint is sworn under penalty of perjury [Doc. 1 p. 6] and therefore carries the same weight as an affidavit for purposes of summary judgment. *El Bey v. Roop*, 530 F.3d 407, 414 (6th Cir. 2008).

2

resulted from a staph infection that he had three times and that other inmates also had, and that he wants to be transferred to a place that is more sanitary where he can get his work and education privileges, good program day privileges, and pay privileges [*Id.* at 5–6]. As relief, Plaintiff seeks monetary compensation for pain and suffering, the sentence reduction credits and pay that he should have earned during the time that he has been in the Campbell County Jail, and transfer to a facility where he can receive the privileges to which he is entitled [*Id.*].

### III. ANALYSIS

First, as Defendants correctly point out in their memorandum in support of their motion for summary judgment, Plaintiff does not allege in his complaint that Defendants Sheriff Goins or Captain Love was personally involved in any violation of his constitutional rights, and these Defendants cannot be liable under § 1983 for the acts of employees they supervise based on the theory of respondeat superior. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (requiring that "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution" to state a plausible claim for relief); *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) (holding that "[§] 1983 will not support a claim based on a *respondeat superior* theory of liability). Thus, these Defendants are entitled to summary judgment on this ground.

Moreover, while Plaintiff's complaint generally alleges that a custom or policy of Defendant Campbell County resulted in the conditions of his confinement at the jail which he appears to allege caused him to have a staph infection that resulted in scars, Plaintiff does not state how the conditions of his confinement caused any such infection or scars, nor has he set forth any proof from which a reasonable jury could find that the conditions of his confinement in the Campbell County Jail violated his constitutional rights or resulted from a custom or policy of Defendant Campbell County. *Hudson v. McMillian*, 503 U.S. 1, 8–9 (1992) (providing that only

"extreme deprivations" that deny a prisoner "'the minimal civilized measure of life's necessities" will establish that a prisoner's conditions of confinement violate the Eighth Amendment); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (holding that a municipality may be liable under § 1983 for an alleged constitutional deprivation only if there is a direct causal link between a policy or custom of the entity and the alleged constitutional violation).

Further, as set forth above, Plaintiff also generally alleges that a custom or policy of Campbell County prevented him from having a paid job or access to educational programs while he was in the Campbell County Jail, that he therefore was unable to obtain the jail credits that would have resulted therefrom, and that he should have been transferred to a different jail where he could have enjoyed these privileges. However, Plaintiff does not have "[a] . . . constitutional right to prison employment or a particular prison job," a property right to wages for his work, or a statutory right to sentence reduction credits. *Carter v. Tucker*, 69 F. App'x 678, 680 (6th Cir. 2003). Plaintiff also does not have a constitutional right to a certain housing placement in jail, *Montanye v. Haymes*, 427 U.S. 236, 242 (1976), or to access to educational, vocational, or other jail programs. *Argue v. Hofmeyer*, 80 F. App'x 427, 429 (6th Cir. 2003) (holding that "[p]risoners have no constitutional right to rehabilitation, education, or jobs.").

Further, Plaintiff's allegation that Campbell County Jail officials choose which inmates receive jobs in a manner that amounts to discrimination is conclusory and fails to adequately allege a violation of Plaintiff's equal protection rights on the part of this municipality. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009) (holding that "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a plausible claim for relief); *Monell*, 436 at 691.

Thus, Defendant Campbell County is also entitled to summary judgment.

4

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment [Doc. 18] will be **GRANTED** and this action will be **DISMISSED**. Further, the Court **CERTIFIES** that any appeal from this decision would not be taken in good faith, and Plaintiff therefore will be **DENIED** leave to proceed *in forma pauperis* on any subsequent appeal.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

*/s/ Pamela L. Reeves*
**CHIEF UNITED STATES DISTRICT JUDGE**